IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | Civil No. _____ |
| Respondent, § | | Crim. No. 98-009 (cc) |
| v. § | | |
| PEDRO DE JESUS-MATEO, § | | |
| Movant. § | | Title 28 U.S.C. §2255 |

**DEFENDANT'S PRO SE MEMORANDUM OF LAW AND FACTS IN SUPPORT OF MOTION TO VACATE UNDER 28 U.S.C. §2255**

COMES NOW, Pedro De Jesus-Mateo, the movant <u>pro se</u> in the above-styled action pursuant to §2255, and would respectfully submit the following FACTS and LAW in support of his <u>pro se</u> motion to vacate, a copy of such being accompanied with this memorandum and incorporated by reference herein. This pleading is made and SWORN to under the penalty of perjury.

IN SUPPORT of movant's motion for relief under §2255, the movant would like to state as follows:[1]

Initially, movant would assert his actual innocence of the charges which support this conviction under 21 U.S.C. §841(a) (1) and §846. <u>Schlup v. Delo</u>, 513

---

[1] Movant would respectfully invoke liberal Construction of <u>pro se</u> pleadings as established by applicable case law. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972)

1

U.S. 298 (1995). Moreover, movant is actually innocent of enhanced portion of sentence. cf. Spence v. Sup., Great Meadow Cor. Fac., 219 F.3d 162 (2nd Cir. 2000).

## I. STATEMENT OF THE CASE

A.   Facts of the Case: [2]/

In the late 1980's, De Jesus befriended Orlando Rosa Rodriguez in Ponce, Puerto Rico. In the beginning of 1990, Rosa began a drug trafficking organization, operating in the Belgica Ward of Ponce. During the fall of 1990, Rosa expanded the enterprise and moved it to the Portugues Public Housing Project in Ponce. By the end of 1990, De Jesus was working for Rosa, processing heroin and cocaine and helping to procure additional drug supplies. In early 1992, Rosa gave De Jesus control of a marijuana "drug point" in the Portugues Housing Project.

In 1995, Rosa was incarcerated for drug offenses, but continued to operate the enterprise from prison. Rosa left two associates in charge of the operation. These associates were delinquent in collecting money, so Rosa replaced them with his sister and De Jesus. In this capacity De Jesus collected delinquent debts, processed heroin, and operated the heroin "drug point". For his services, Rosa paid

---

[2]/ The movant contests the facts as testified to by government witnesses, however will acknowledge the facts as stated by the jury's verdict. Their facts are adopted from appellate court opinion. U.S. v. De Jesus-Mateo, 373 F .id 70, 71 (1st Cir. 2004)

2

De Jesus $200 per week. De Jesus eventually withdrew from the organization in the fall of 1997.

On these facts, a jury convicted De Jesus of participating in a conspiracy to possess cocaine and heroin with the intent to distribute in Ponce from 1990 through the fall of 1997. See: 21 U.S.C. §§841(a)(1) & 846. The district court sentenced De Jesus to life in prison because this was his third conviction for a drug-related felony. See: 21 U.S.C. §841(b)(1)(A).

B.   Procedural Course of Case:

The District Court of Puerto Rico entered judgment against petitioner on April 28, 2000. A timely Notice of Appeal was filed on April 28, 2000. Briefing ensued and the First Circuit Court of Appeals issued a published opinion affirming petitioner's conviction and sentence. See: U.S.A. v. Pedro De Jesus-Mateo, 373 F.3d 70 (1st Cir. 2004).

Petitioner filed a pro se petition for rehearing in August 2004. The government submitted response on August 16th, 2004. The First Circuit subsequently dismissed and denied rehearing on October 13th, 2004.

On November 15th, 2004, the United States Supreme Court denied petitioner's pro se petition for writ of certiorari (Case No. 04-6843).

## II. GROUNDS FOR RELIEF

A. MOVANT WAS DENIED EFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMMENDMENT TO THE U.S. CONSTITUTION, THE CONSTITUTION OF THE COMMONWEALTH OF PUERTO RICO, <u>STRICTLAND V. WASHINGTON</u>, 466 U.S. 688 (1984); <u>U.S. V. NATANEL</u>, 938 F.2d 302 (1ST CIR. 1991).

1. <u>Counsel Failed To Inform Movant Of Government Plea Offers:</u>

On April 7th, 1998, Assistant U.S. Attorney (AUSA) Sonia Torres faxed movant's counsel (Juan Matos DeJuan) a copy of the government's preliminary plea agreement proposal. (<u>See</u>: attached Exhibit "A")[3]/ According to the terms of plea offer, the AUSA agreed to accept movant's guilty plea to 21 U.S.C. §841(a), 846, relative to (1) one kilogram of cocaine. <u>id</u>. Additionally, movant would receive reduction in Base Offence Level (BOL) for acceptance of responsibility under U.S.S.G. 3E1.1, and be sentenced accordingly at BOL of 23. <u>id</u>.

AUSA Torres stipulated in proposal that offer would expire at noon Wednesday, April 15, 1998 and the government would thereafter withdraw such and file enhancement notice under 21 U.S.C. §851. <u>id</u>.

---

[3]/ Attorney Matos' billing statement does not reflect receipt of this plea-offer or any communications with movant related to such. (<u>See</u>: attached Exhibit "B")

4

On February 19, 1999, the government faxed movant's counsel (Juan Matos DeJuan) a "plea agreement" in which the government agreed to accept movant's guilty plea under Rule 11(e)(1)(c), F.R.Crim.R., and dispose of case with movant agreeing to a specific sentence of one hundred and twenty (120) months. (See: attached Exhibit "C").

Movant alleges that attorney Matos never informed him of the government's two (2) plea offers and had movant known of such there is a reasonable likelihood that he would have accepted them.[4]

Counsel has a constitutional obligation to timely inform defendant of any government plea agreement offers, and the failure to do so violates defendant's right to effect assistance of council.

U.S. v. Rodríguez, 929 F.2d 747, 753 (1st Cir. 1991); Johnson v. Duckworth, 793 F.2d 898 (7th Cir. 1986); U.S. ex rel Caruso v. Zelinsky, 689 F.2d 435, 438 (3rd Cir. 1982) ("a failure of counsel to advise his client of a plea bargain...constitutes a gross deviation from accepted professional standards.")

2.   Counsel Failed To Advise Movant Of 21 U.S.C. §851.

On May 27, 1998, the government filed notice of enhancement pursuant to 21 U.S.C. §851 (DK #80). This filing was precipitated in part

---

[4] Movant learned of AUSA Torres' April 7, 1998 plea offer from attorney Vazquez days before jury trial, too late to take advantage of such offer after §851 notification. Additionally, movant's claim of innocence is not inconsistent with entry of guilty plea. North Carolina v. Alford, 400 U.S. 25 (1970)

5

due to defendant's putative failure to accept the government's plea offer conveyed to counsel Matos on April 7, 1998.

At no time did the government notify <u>movant</u> with §851 notice, nor did counsels inform movant of enhancement filing or explain the legal ramifications of said notice. Attorney Matos' billing statement reflects receipt — and billing for — §851 notification, however does not reflect any communication with movant related to such notice. (<u>See</u>: attached Exhibit B – Attorney Notification) <u>U.S. v. Grammas</u>, 371 F.3d 281 (5th Cir. 2004); <u>Teague v. Scott</u>, 60 F.3d 1167 (5th Cir. 1995)

3. <u>Counsel Failed To Properly Assert, Defend, and Preserve Speedy Trial Violation</u>.

On April 27, 1998, the movant filed motion requesting speedy trial (DK #78). Subsequently, movant filed a second motion requesting speedy trial. (DK #232)

On July 2, 1992, the district court entered order denying speedy trial act violation and extending time for trial in best interest of justice. (DK #'s 323, 324). Counsel did not: (1) properly argue speedy trial violations (2) offer proof of prejudice in delay, or (3) timely object to the district court's adverse ruling preserving such for appellate review. <u>U.S. v. Palomba</u>, 31 F.3d 1456 (9th Cir. 1994); <u>Walker v. Bennett</u>, 262 F.Supp.2d 25 (W.D.N.Y. 2003); Criminal Law Key 641.13 (2.1).

4.  **Counsel Failed To Properly Argue, Defend and/or Preserve Denial of Continuance.**

Attorney Carlos Vazquez-Alvarez Federal Public Defender, was appointed to represent movant on August 6, 1999 (DK #337).[5]/ Movant's jury trial began three (3) days later on August 9, 1999, (DK #339).

Counsel Vazquez did not have ample time to review evidence, investigate facts of case, interview witnesses, or conduct a reasonably meaningful and effective defense of the movant.

The District Court denied counsel's lackluster requests for continuance (TR. Vol. 8/9/99, pgs 10-12) and counsel did not take exception or otherwise preserve issue for appeal. Moreover, counsel failed to articulate cause for continuance and obvious prejudice to movant's criminal proceedings by switching attorneys at the eleventh hour. For example, counsel did not have time to investigate movant's claim that he was incarcerated during 1993 when government witness, Idalmaris Lugo (Tr. Vol. 8/12/99, pgs 261-292) testified to movants' involvement in kilogram drug transaction. (id. pgs. 280-292); did not investigate the $10,000 house transaction between movant and Rosa Rodriguez; did not

---

[5]/ Counsel did not file appearance notice until a month after the jury's verdict. (DK #363)

7

review all statements and other documented evidence in files; did not listen to all audiotaped evidence available; did not interview any witnesses or conduct independent investigation of case; and did not formulate any trial strategy to defend movant against the government's criminal allegations.

Movant was entitled to have effective assistance of counsel and that would seem to include time for counsel to conduct meaningful pre-trial investigation and time to prepare a defense.

Forcing a criminal defendant to proceed to trial with the assistance of a public defender appointed three (3) days previously should be *per se* unconstitutional. Powell v. Alabama, 287 U.S. 45 (1932); U.S. v. Cronic, 466 U.S. 648 (1984).

Alternatively, the facts of this case satisfy the Supreme Court's test for ineffective counsel under Strickland v. Washington, 466 U.S. 688 (1984).

5.  Counsel Labored Under Actual Conflict of Interest and Failed To Ensure Proper Judicial Determination

Counsel (Vazquez), as a member of the U.S. Public Defenders Office, previously represented Ana Rosa Flores Gonzalez who was common-law wife to movant's co-defendant, Custodio-Colon. (Tr. Vol. 8/11/99, pgs. 120-125). Although not reflected in the record, attorney

Vazquez stated that he filed a motion with the district court raising conflict of interest issue. (id. pg. 121).

The District Court record is replete with movant's complaints about counsel Vazquez's ineffectiveness in general and the conflict of interest in particular, however the court failed to conduct the necessary and proper fact development to resolve the conflicts of interest as required by law. U.S. v. Garcia, 517 F.2d 272 (5th Cir. 1975); Halloway v. Arkansas, 435 U.S. 475 (1978); Ciak v. U.S., 59 F.3d 296 (2nd Cir. 1995)

6.    Counsel Failed To Explain Sentencing Exposure:

At no time did counsel Matos apprise movant of the sentencing exposure movant faced if movant was convicted of charges as alleged in the government's indictment, i.e. mandatory life. Most significantly, counsel did not provide the knowledge so as to allow movant timely advantage of government plea-agreement offers. When movant did learn of possible sentencing exposure – during trial proceedings – the government had: (1) filed §851 enhancement notice and (2) removed plea-agreement offer from the table. Consequently, movant was substantially prejudiced by Matos'

deficient performance.[6]/ Teague v. Scott, 60 F.3d 1167 (5th Cir. 1995); U.S. v. Grammas, 371 F.3d 281 (5th Cir. 2004).

### 7. Counsel Failed to Conduct Pre-Trial Investigation, Interview Witness, Formulate Defense Strategy or Present Favorable Evidence and Witnesses:

Counsel's lack of preparation time for movant's trial is clearly reflected in the trial proceedings and subsequent outcome. Had counsel been afforded ample time to investigate case; interview witnesses; formulate defense strategy (with coordinating trial tactics); and present favorable evidence accordingly, there is a reasonable probability that movant's criminal proceeding would have ended differently.

It is the movant's position that counsel's deficient preparation for trial prevented counsel from ascertaining and presenting evidence such as the following:

1. Evidence that Pedro was incarcerated in 1993, contrary to Idalmaris Lugo's testimony that Pedro was at liberty conducting Kilo-sized drug transactions;[7]/

---

[6]/ The record clearly reflects movant's confusion and general disorientation relative to whether or not to plead guilty or venture trial after being advised of his legal predicament and sentencing exposure. (See: Tr. Vol. 8/11/99, pgs. 87-90).

[7]/ Movant presented to the court documents which support this assertion. (See: 4/28/00 Sentencing Tr. Pg. 22).

10

2. Evidence that six months of telephonic interceptions only contains two calls <u>from</u> organization to Pedro which did not contain any conspiratorial communications;

3. Testimony of Jose Custodio, who was leader of group and was being intimidated by federal authorities not to offer testimony in Pedro's defense;

4. Evidence that 404 material related to P.R. State charge was simple possession disassociated with conspiracy alleged by government;

5. Evidence that Orlanda Rosa manufactured testimony against Pedro in order to regain his freedom and avoid a substantial prison sentence;

6. Evidence that Orlanda Rosa did not communications with Pedro during alleged conspiracy due to Pedro's incarceration and Rosa's fugitive status;

7. Evidence that Orlanda Rosa perjured himself by testifying that a $10,000 house deal was a drug deal when it was an honest business transaction;

8. Evidence and testimony that certain government witnesses used Pedro as an escape goat to avoid punishment for their criminal conduct;

9. Witnesses that would have offered testimony contrary to government's case, as well as placing evidence and facts in their proper contextual setting; [8]/

10. Tapes and discovery materials that contradict government's case and witnesses' testimony were not used at trial as part of the defense;

11. Detention center records to impeach government witnesses' testimony related to drug use at detention center. (Tr. Vol. 8/11/99, pgs. 82-83).

## 8. Complete Breakdown of Attorney-Client Relations:

The strained relationship between movant and counsel that marked trial proceedings, finally deteriorated completely after the jury's verdict. Prior to sentencing movant filed separate motions to have counsel removed. (See: DK #'s 372 & 413). Without conducting any hearing, or other fact development, the District Court summarily denied motions in an order dated February 18, 2000. (DK #419).

Consequently, the movant was represented at sentencing by an attorney with whom movant did not have a meaningful and effective attorney/client relationship due to the complete breakdown in

---

[8]/ See: Affidavit of Pedro De Jesus-Mateo for list of witnesses and substance of knowledge. Such is herein incorporated by reference.

communication between the parties. Bland v. Calif. DOC, 20 F.3d 1469 (9th Cir. 1994); U.S. v. Iles, 906 F. 2d 1122 (6th Cir. 1990); Romero v. Furlong, 215 F.3d 1107 (10th Cir. 2000).

9. Failure to Request Specific Jury Instructions or Object to Instructions As Given:

Counsel failed to request certain proposed jury instructions, nor did counsel object to the District Court's instructions as given. (Tr. Vol. 8/13/99 pgs. 316-329; 347-367). In particular, the court did not instruct the jury as to: (1) all elements of crime charged; (2) multiple conspiracies; (3) credibility of drug using witnesses and accomplice credibility; (4) individual determination of guilt, and; (5) alibi and mere presence. Gray v. Lynn, 6 F.3d 265 (5th Cir. 1993); U.S. v. Myers, 892 F.2d 642 (7th Cir. 1990); Cox v. Donnelly, 267 F.Supp.2d 418 (E.D. N.Y. 2003). (Defendant denied effective assistance of counsel when counsel failed to object to improper jury instruction). The District Court's jury instructions deprived movant of a fair trial and due process of law. Cf. Jacobs v. Singletary, 952 F.2d 1282 (11th Cir. 1992); Freeman v. Class, 95 F.3d 639 (8th Cir. 1996) (accomplice testimony instruction).

**10.   Counsel Failed to Object to Government Misconduct:**

Movant complained to counsel that government agents were threatening a potential defense witness (Jose Custodio) in order to prevent Custodio from testifying in movant's defense at trial. Counsel did not interview Custodio or investigate movant's claims of governmental witness intimidation.

It was discovered that Custodio had been approached by government agents and warned not to testify on movant's behalf or Custodio would get a substantially greater term of imprisonment than previously agreed to. Movant made this issue part of the record at sentencing. (Sent. Tr. pg. 22).

Additionally, the government suppressed favorable evidence, allowed witnesses to give false and perjured testimony without correction, and withheld material evidence from the defense. Napue v. Illinois, 360 U.S. 264 (1959); Giglio v. U.S., 406 U.S. 150 (1972); U.S. v. Babley, 473 U.S. 667 (1985); U.S. v. O'Conner, 64 F.3d 355, 359-60 (8th Cir. 1995).

**11.   Accumulated Ineffective Assistance of Counsel:**

Movant contends that counsels' over-all performance fell well below standards of reasonableness, and the aggregated effect of counsels' numerous errors deprived movant of a fair trial and effective assistance of

counsel. Henry v. Scully, 78 F.3d 51 (2nd Cir. 1996); Pavel v. Hollins, 261 F.3d 210 (2nd Cir. 2001); Cargle v. Mullin, (10th Cir. Jan. 27, 2003).

**B.**   MOVANT WAS DEPRIVED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, GUARANTEED BY THE FIFTH AND SIXTH AMMENDMENTS TO THE U.S. CONSTITUTION. Evitts v. Lucey, 469 U.S. 387 (1985); Bonneau v. U.S., 961 F.2d 17 (1st Cir. 1992).

Appellate counsel failed to brief and argue on direct review the following meritorious issues preserved during movant's criminal proceedings.

1. Trial court erred in denying defense request for continuance;

2. Court erred in Speedy Trial calculation and denying dismissal for speedy trial violation;

3. Court erred in finding that defendant was advised by counsel as to all government plea-agreement offers;

4. Court erred in not properly addressing conflict of interest issue related to defense counsels' prior representation of government witnesses common law wife;

5. Court erred in denying defense request to excuse jurors for cause;

6. Court erred in denying defense's Rule 29 motion;

7. Court erred in over-ruling defense objections to PSA and use of prior convictions under 21 U.S.C. §851.

## III. CONCLUSION/RELIEF

**WHEREFORE**, the movant would respectfully pray for the following relief:

1. Order to Show Cause instructing Respondent to Answer Movants' §2255 motion;

2. Order Respondent (or former counsel) to provide movant with pages missing from his copy of trial transcripts. (Tr. Vol. 8/11/99, pgs. 129-131);

3. Allow movant to amend motion based on receipt of missing transcripts;

4. Allow movant to file traverse in reply to respondent's answer;

5. Appoint counsel and conduct evidentiary hearing to develop facts that dehors the established record;

6. Vacate movant's conviction and sentence;

7. Grant any other relief Justice deems appropriate in this case.

I declare under penalty of perjury that the foregoing is true and correct. See: 28 U.S.C. §1746

This __05__ day of __APRIL__, 2005.

/s/ _____

Movant, **Pro Se**
Pedro De Jesus-Mateo
#16201-069
USP Atlanta
P.O. Box 150160
Atlanta, GA 30315