U.S. Department of Justice

**Guillermo Gil**
**United States Attorney**
**District of Puerto Rico**

---

*Federico Degetau Federal Building, Room 452*            (787) 766-5656
*Carlos Chardon Avenue*
*Hato Rey, Puerto Rico 00918*

Juan Matos De Juan, Esq.
P.O. Box 362677
San Juan, Puerto Rico 00936-2677

Ref: Criminal 98-9 (CCC)
Defendant Pedro De Jesus-Mateo

    1.  The United States is hereby preliminarily proposing your client a plea agreement under the following terms:

        a-    The parties stipulate that he is to be held accountable for conspiring to possess one (1) kilogram of cocaine.

        b-    The base offense level for the above according to U.S.S.G. 2D1.2 is twenty-six (26).

        c-    Should the defendant timely accept responsibility for the offense charged, the base offense level will be further reduced by three (3) levels pursuant to U.S.S.G.3E1.1.

        d-    The total adjusted base offense level will then be twenty-three (23).

        e-    There will be no stipulation as to defendant's criminal history, however it appears to me after examining your client's criminal history as recorded by the Pre-Trial Services Officer, his criminal history will be Category III. Should he have a Criminal History Category of III with a base offense level of twenty-three (23) the guideline imprisonment range will be from fifty-seven (57) to seventy-one (71) months.

        f-    The defendant must acknowledged that due to his prior criminal record he does not comply with the provisions of the U.S.S.G. 5C1.2, therefore he is exposed to a statutory minimum of sixty (60) months.

    2.  Please be advise that the above offer must be approved by the Chief of the Criminal Division and that same expires at noon on Wednesday April 15, 1998, therefore should your client not respond to us by the above date the offer will be considered rejected. The United States will then consider filing an Information under Title 21 <u>United States Code</u> Sections 841 (B) (viii) and 851, and your client will be exposed to a statutory minimum of at least ten (10) years.

    Further, if convicted he may be held accountable to the total amount of narcotics that is alleged in the indictment, that is conspiring to possess over five (5) kilograms of cocaine and over one hundred (100) grams of heroin. Therefore, the statutory minimum will be ten (10) years of imprisonment.



EXHIBIT
A

3.    If you have any questions please contact me at 841-3189 or at 766-5656.

Sincerely,

Sonia I. Torres
Assistant U.S. Attorney

DEPARTMENT OF JUSTICE DRUG
ENFORCEMENT ADMINISTRATION

# FAX TRANSMITTAL SHEET

NOTE: If you have any problems with this trans-
mission (incorrect number of pages/poor quality),
call the transmitter and request retransmission.

**NUMBER OF PAGES BEING TRANSMITTED**
**(Including this transmittal sheet)**

| **TRANSMITTED TO** | FAX FTS NO. 793-4320 | FAX COMMERCIAL NO. |
|---|---|---|

NAME: Lic. Juan Matos De Juan

ORGANIZATION:

| BUILDING, ROOM NO., etc. | | TELEPHONE/EXTENSION |
|---|---|---|

| **TRANSMITTED FROM** | FAX FTS NO. 79 | FAX COMMERCIAL NO. (787) 841-3271 |
|---|---|---|

NAME: SONIA TORRES     AUSA

ORGANIZATION:

D.E.A. CARIBBEAN F.D./ PONCE RESIDENT OFFICE

| BUILDING, ROOM NO., etc. P.O. BOX 21 STATION 6, PONCE, PUERTO RICO 00732 | TELEPHONE/EXTENSION (787) 841-3188 |
|---|---|

COMMENTS:

| **APPROVED BY (If applicable)** | NAME: |
|---|---|

| TRANSMITTED BY (Name): | | DATE: | TIME: |
|---|---|---|---|

DEA Form - 601
(Dec. 1991)

ADDENDUM TO CJA FORM 20
CLAIM FOR SERVICES OR EXPENSES

Invoice submitted to:
Clerk's Office
Federal Building. Room 150
Carlos Chardón Ave.
Hato Rey PR 00918-1767

In Reference To: U.S. v. Pedro De Jesús Mateo, Crim. No. 98-009 (CCC)

### CJA, IN COURT

| Description of Services | Hours | Amount |
|---|---|---|
| 1/26/98 Detention and Bail hearings. Also stayed for Detention hearing of other co-defendants, where tape recordings affecting client were played. | 1.50 | $97.50 |
| 7/1/98 Arraignment on Superseding Indictment. | 1.00 | $65.00 |
| 8/26/98 Arraignment of Second Superseding Indictment. | 1.00 | $65.00 |

### CJA, OUT OF COURT

| Description of Services | Hours | Amount |
|---|---|---|
| 1/24/98 Receipt and review of Indictment. Review of applicable statute. | 0.75 | $33.75 |
| 1/26/98 Review of Pre-Trial Services Report. | 0.75 | $33.75 |
| Meeting with client at U.S. Marshall's holding area. Explained charges, purpose and procedure of Bail and Detention hearings. | 1.00 | $45.00 |



- 1 -

Addendum to ....
Voucher No. 817728

U.S. vs Pedro de Jesús Mateo
Criminal No. 98-009 (CCC)

| Description of Services | Hours | Amount |
|---|---|---|
| 1/27/98 Preparation and filing of Informal Discovery Letter. | 0.75 | $33.75 |
| 1/28/98 Visit to MDC Guaynabo. Initial interview, discussion of Indictment, general orientation of federal procedure. | 3.50 | $157.50 |
| 2/2/98 Review of documentation regarding Permission for Title III recordings, including affidavits. | 3.00 | $135.00 |
| 2/3/98 Preparation and filing, based upon discovered documents, of Motion for an Opportunity to Interview Government Informants. | 0.75 | $33.75 |
| Preparation and filing, based upon discovered documents, of Motion for Preservation of Law Enforcement Agent's Rough Notes and Memos. | 0.50 | $22.50 |
| Preparation and filing, based upon discovered documents, of Motion for Production of Jenks Material in Advance of Trial. | 0.50 | $22.50 |
| Preparation and filing, based upon discovered documents, of Motion for Discovery Under Rule 16 of the F.R.C.P. | 0.75 | $33.75 |
| Preparation and filing, based upon discovered documents, of Defendant's Motion for Brady and Giglio Material. | 0.50 | $22.50 |
| 2/3/98 Preparation and filing, based upon discovered documents, of | 0.50 | $22.50 |

Addendum to ....
Voucher No. 817728

U.S. vs Pedro de Jesús Mateo
Criminal No. 98-009 (CCC)

| Description of Services | Hours | Amount |
|---|---|---|
| Motion for Designation of Evidence Pursuant to Federal Rules Criminal Procedure 12(d)(2). | | |
| 2/26/98 Receipt and review of Notice of Availability of Copies of Court Orders Authorizing Interception of Wire Communications and Applications Thereof. | 0.25 | $11.25 |
| Visit to MDC Guaynabo. Discussion of case status. Review with client of recorded calls logs and hearing of the same. Client was in disciplinary section of MDC. | 4.50 | $202.50 |
| 2/27/98 Receipt and review of Motion to Unseal Indictment and of the unsealed Indictment. Review of the Indictment. | 1.00 | $45.00 |
| Receipt and review off Order of Detention Pending Trial. | 0.25 | $11.25 |
| 3/7/98 Receipt and review of Proffer Letter by U.S. Government. | 0.50 | $22.50 |
| Receipt and review of Order for Filing Voir Dire. | 0.25 | $11.25 |
| 3/8/98 Receipt and review of Order. | 0.25 | $11.25 |
| Visit to MDC Guaynabo. Discussion of career offender guideline and applicable enhancements. Discussion of possible plea. | 1.00 | $45.00 |

Addendum to ....
Voucher No. 817728

U.S. vs Pedro de Jesús Mateo
Criminal No. 98-009 (CCC)

| Description of Services | Hours | Amount |
|---|---|---|
| 3/14/98 Receipt and review of Government's Notice of Intent to Introduce 4040(b) Evidence. | 0.50 | $22.50 |
| 3/15/98 Receipt and review of United States' Designation of Evidence Pursuant to Rule 12 (d). | 0.25 | $11.25 |
| Telephone conversation with AUSA Torres concerning possible Plea Agreement. | 0.50 | $22.50 |
| Meeting with AUSA Torres concerning proposed Plea Agreement. | 0.75 | $33.75 |
| 3/16/98 Analysis of proposed Plea Agreement. | 1.50 | $67.50 |
| Computation of applicable Guidelines | 0.75 | $33.75 |
| Visit to MDC Guaynabo. Discussion of meeting with AUSA Torres and of proposed Plea Agreement. | 2.50 | $112.50 |
| 3/17/98 Telephone conversation with AUSA Torres concerning proposed Plea Agreement. | 0.50 | $22.50 |
| 3/21/98 Various telephone conversations with AUSA Torres concerning proposed Plea Agreement. | 1.00 | $45.00 |
| 3/22/98 Preparation for Trial. | 4.00 | $180.00 |
| 4/6/98 Visit to MDC Guaynabo. Discussion of case status, proposed plea, case status, Trial preparation. | 3.50 | $157.50 |

Addendum to ....                                    U.S. vs Pedro de Jesús Mateo
Voucher No. 817728                                  Criminal No. 98-009 (CCC)

| Description of Services | Hours | Amount |
|---|---|---|
| Telephone conversation with SAUSA Carmen Colon concerning proposed Plea Agreement. | 0.25 | $11.25 |
| 4/22/98 Receipt and review of Order. | 0.25 | $11.25 |
| 4/23/98 Receipt and review of United States Informative Motion and Motion Requesting Continuance of Trial Date. | 0.50 | $22.50 |
| Meeting with AUSA Torres at U.S. Attorney's Office. Discussion of case, specific evidence, possibility of plea agreement. | 1.75 | $78.75 |
| Visit to MDC Guaynabo. Discussion of day's meeting with AUSA Torres. Discussion of case status, evidence. | 3.00 | $135.00 |
| 4/24/98 Evaluation of Superseding Indictment, and evaluation of Speedy Trial Act considerations. | 1.00 | $45.00 |
| 4/27/98 Preparation, research and filing of Motion for Release from Detention Under Speedy Trial Act. | 1.75 | $78.75 |
| 5/13/98 Visit to MDC Guaynabo. Discussion of case status, Speedy Trial motion filed, existence of informants. | 2.00 | $90.00 |
| 5/14/98 Receipt and review of Order. | 0.25 | $11.25 |
| 5/22/98 Preparation and filing of follow up informal discovery letter based upon Court's resolution of various discovery motions. | 2.50 | $112.50 |

Addendum to ....                                              U.S. vs Pedro de Jesús Mateo
Voucher No. 817728                                           Criminal No. 98-009 (CCC)

| Description of Services | Hours | Amount |
|---|---|---|
| 5/27/98 Receipt and review of United States of America's Notice Pursuant to 21 U.S.C. 851. | 0.50 | $22.50 |
| 5/29/98 Receipt and review of Order. | 0.25 | $11.25 |
| 6/1/98 Telephone conversation with AUSA Torres. | 0.25 | $11.25 |
| 6/3/98 Receipt and review of Government's Motion Requesting Leave to File Motions for Reconsideration of Court Order Dated May 12, 1998. | 0.75 | $33.75 |
| 6/9/98 Receipt and review of discovery package at U.S., Attorney's Office. | 1.50 | $67.50 |
| 6/10/98 Receipt and review of Order. | 0.25 | $11.25 |
| Preparation, research, filing of Opposition to Government's Request for Reconsideration of Court Order Dated May 12, 1998. | 3.00 | $135.00 |
| 6/24/98 Receipt and review of Superseding Indictment. Study of the same against original Indictment. | 1.00 | $45.00 |
| 6/24/98 Receipt and review of Order sealing Superseding Indictment. | 0.25 | $11.25 |
| Motion to Seal Indictment. | 0.25 | $11.25 |
| Receipt and review of Order. | 0.25 | $11.25 |
| 6/26/98 Receipt and review of letter from Government in response to | 0.75 | $33.75 |

Addendum to ....
Voucher No. 817728

U.S. vs Pedro de Jesús Mateo
Criminal No. 98-009 (CCC)

| Description of Services | Hours | Amount |
|---|---|---|
| supplemental informal discovery letter. | | |
| 7/1/98 Preparation and filing of discovery letter in response to discovery dispute. | 3.50 | $157.50 |
| 7/6/98 Visit to MDC Guaynabo. Discussion of prior, which not all of which he acknowledge. Discussion of prior proceedings before Commonwealth Court. | 3.00 | $135.00 |
| 7/21/98 Evaluation of U.S. v Singleton, specific statute, and applicability to this case. Preparation of Request for Specific Discovery Applicable to Issues Arising Under 18 U.S.C. 201(c)(2). | 5.00 | $225.00 |
| 8/5/98 Receipt and review of Additional Discovery Package. | 1.50 | $67.50 |
| 8/10/98 Preparation and filing of additional informal discovery letter based upon previously discovered materials and Court's Rulings upon discovery motions. | 2.00 | $90.00 |
| 8/26/98 Receipt and review of Second Superseding Indictment, which is partly sealed. Review of the same against previous Indictments. | 0.50 | $22.50 |
| 10/7/98 Receipt of Motion Requesting Reciprocal Discovery. | 0.25 | $11.25 |
| 10/9/98 Preparation and filing of Motion Notifying Change of Address. | 0.50 | $22.50 |

Addendum to ....                                  U.S. vs Pedro de Jesús Mateo
Voucher No. 817728                                Criminal No. 98-009 (CCC)

| Description of Services | Hours | Amount |
|---|---|---|
| Preparation and filing of letter to AUSA Torres. | 0.50 | $22.50 |
| 10/19/98 Receipt and review of <u>Order</u>. | 0.25 | $11.25 |
| 10/26/98 Visit to MDC Guaynabo. Discussion of identified cooperating co-defendants, and other possible witnesses. | 2.00 | $90.00 |
| 11/7/98 Preparation and filing of letter to client. | 0.50 | $22.50 |
| 11/10/98 Receipt and review of <u>Order</u>. | 0.25 | $11.25 |
| 1/20/99 Receipt and review of Court <u>Order</u>. | 0.25 | $11.25 |
| Preparation and filing of <u>Second Motion Under the Speedy Trial Act</u>. | 3.00 | $135.00 |
| 1/24/99 Visit to MDC Guaynabo. Discussed case status with client. Discussed proposed plea, Second Speedy Trial Act motion. Discussed with client possible withdraw from representation, client requested this attorney continue. | 3.00 | $135.00 |
| 1/26/99 Receipt and review of <u>Motion Requesting Trial Date</u>. | 0.25 | $11.25 |
| 2/5/99 Preparation and filing of <u>Request that Motions Under the Speedy Trial Act be Considered as Submitted by the Parties and Request for Resolution</u>. | 0.75 | $33.75 |

Addendum to ....                                          U.S. vs Pedro de Jesús Mateo
Voucher No. 817728                                        Criminal No. 98-009 (CCC)

| Description of Services | Hours | Amount |
|---|---|---|
| 2/6/99 Meeting with AUSA Torres. | 0.75 | $33.75 |
| 2/16/99 Receipt and review of <u>United States' Response to Defendant's Second Motion Under the Speedy Trial Act</u>. Study of the same. | 0.75 | $33.75 |
| 2/20/99 Visit to MDC Guaynabo. Discussion of new proposed Plea Agreement under 11(e)(1)(c). | 3.50 | $157.50 |
| Receipt of proposed Plea Agreement under Rule 11(e)(1)(c). Study of the same. | 1.00 | $45.00 |
| 2/21/99 Preparation and filing of letter to AUSA Torres | 0.50 | $22.50 |
| 3/19/99 Preparation and filing of letter to client. | 0.50 | $22.50 |
| Preparation and filing of <u>Request that Various Pending Motion be Resolved</u>. | 0.50 | $22.50 |
| 4/14/99 Receipt and review of Court <u>Order</u>. | 0.25 | $11.25 |
| 4/15/99 Preparation and filing of <u>Motion Notifying Conflict of Calendar</u>. | 0.75 | $33.75 |
| 4/16/99 Receipt and review of Court <u>Order</u>. | 0.25 | $11.25 |
| 4/19/99 Various telephone call to Judge's Chambers concerning status of pending motions. | 0.50 | $22.50 |
| 4/21/99 Receipt and review of additional discovery package. | 2.00 | $90.00 |

Addendum to ....
Voucher No. 817728

U.S. vs Pedro de Jesús Mateo
Criminal No. 98-009 (CCC)

| Description of Services | Hours | Amount |
|---|---|---|
| 4/27/99 Preparation and filing of letter to client. | 0.50 | $22.50 |
| 4/30/99 Receipt and review of Court Order. | 0.25 | $11.25 |
| 5/11/99 Preparation and filing of Motion in Compliance of Order. | 0.75 | $33.75 |
| 5/19/99 Preparation and filing of Supplemental Motion In Compliance of Order and Notifying Lack of Conflict of Calendar. | 0.75 | $33.75 |
| | -------- | --------- |
| For professional services rendered | 103.25 | $4,716.25 |

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

3. PEDRO DE JESUS MATEO,

        Defendant.

Criminal No. 98-009-3(CCC)

## PLEA AGREEMENT

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its
attorneys, Guillermo Gil, United States Attorney for the District
of Puerto Rico, Miguel A. Pereira, Deputy Assistant U.S. Attorney,
Chief, Criminal Division, and Carmen D. Colón, Special Assistant
United States Attorney for said District, and the defendant, Pedro
De Jesus Mateo and the defendant's counsel, Juan F. Matos de Juan,
Esquire, and pursuant to Rule 11(e)(1)(A) and (C) of the Federal
Rules of Criminal Procedure, state to this Honorable Court, that
they have reached an agreement, the terms and conditions of which
are as follows:

1. The defendant, Pedro De Jesus Mateo, agrees to plead
guilty to Count One of the Second Superseding Indictment. COUNT
ONE charges that the defendant knowingly, intentionally and
unlawfully conspired with others to possess with the intent to
distribute cocaine, a Schedule II Narcotic Drug Controlled
Substance which amounts exceeded five (5) kilograms of cocaine, and
heroin, a Schedule I Narcotic Drug Controlled Substance, which


EXHIBIT
C

**PLEA AGREEMENT**
Criminal No. 98-009 (CCC)
Page 2

amounts exceeded one hundred (100) grams of heroin, that is, conspiracy to violate Title 21, <u>United States Code</u>, Section 841(a)(1).

2. The penalty for the offense charged in COUNT ONE is a term of imprisonment which shall not be less than TEN (10 ) years and a maximum of LIFE imprisonment, a fine not to exceed four million dollars ($4,000,000.00), and a term of supervised release of at least five (5) years in addition to any term of incarceration. The Court must also impose a mandatory penalty assessment of one hundred dollars ($100.00), per offense, to be deposited in the Crime Victim Fund, pursuant to Title 18, <u>United States Code</u>, Section 3013.

3. The penalty for the offense as charged in Count One of the indictment, and based upon a stipulated quantity of cocaine of at least five hundred (500) grams but less than two (2) kilograms of cocaine, is a term of imprisonment which shall not be less than FIVE (5) years and not more than FORTY (40) years, a fine not to exceed two million dollars ($2,000,000.00), and a term of supervised release of at least four (4) years in addition to any term of incarceration. The Court must also impose a mandatory penalty assessment of one hundred ($100.00), per offense, to be deposited in the Crime Victim Fund, pursuant to Title 18, <u>United States Code</u>, Section 3013.

4. The defendant acknowledges that he understands that he cannot be placed on probation, nor have the imposition or execution

**PLEA AGREEMENT**
Criminal No. 98-009 (CCC)
Page 3

of the sentence suspended. Further, the defendant acknowledges that he is aware that parole has been abolished.

5. Prior to the date of the defendant's change of plea hearing, the defendant will pay a special monetary assessment of one hundred dollars ($100.00) to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

6. The defendant is aware that the Court may, pursuant to Section 5E1.2(I) of the Guidelines, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment and supervised release ordered. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

7. The defendant is aware that the defendant's sentence will be imposed in accordance with the Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, the parties have agreed that a specific sentence of ONE HUNDRED AND TWENTY(120) MONTHS is the appropriate disposition of this case. If the Court should impose a sentence that is greater or less than 120 months, then the Defendant and the United States shall be permitted to withdraw from the instant plea agreement and declare the plea agreement to be null and void.

**PLEA AGREEMENT**
Criminal No. 98-009 (CCC)
Page 4

8.    Subject to the provisions of paragraphs 1 to 7 herein, the United States and the defendant agree that:

(a). The defendant shall be held accountable for at least five hundred (500) but less than two (2) kilograms of cocaine for purposes of determining the applicable base offense level, pursuant to Guidelines Section 2D1.1, which would result in a base offense level of TWENTY SIX(26);

(b). The base offense level shall be reduced by THREE (3) levels for acceptance of responsibility under Guidelines Section 3E1.1 provided that the defendant does, in fact, accept responsibility as required by said Guidelines Section;

(c). For purposes of determining the defendant's sentence, the parties agree that pursuant to an Information filed on May 27, 1998, by the United States under Title 21 United States Code, Section 851 and 841 (a)(1)(B); and in light of the statutory minimum sentence of five (5) years,(in accordance with the stipulated amount of one (1) kilogram of cocaine), the defendant is exposed to a minimum sentence of ten (10) years.

(d). The United States and the defendant agree that no further adjustments, departures or other Guidelines provisions are applicable or warranted.

(e). Therefore, the total adjusted offense level with respect to Count One, assuming the application of the above-described Guidelines calculations  would be level TWENTY-THREE (23);

PLEA AGREEMENT
Criminal No. 98-009 (CCC)
Page 5

(f). At the time of the sentencing, BOTH THE UNITED STATES AND THE DEFENDANT agree that a sentence of ONE HUNDRED AND TWENTY (120) MONTHS, is the appropriate sentence in this case.

9. The Defendant understands that the Court may accept or reject this plea agreement, or may defer its decision until there has been an opportunity to consider the pre-sentence investigation report. Defendant further understands that if the Court accepts the plea agreement, the Court will sentence the defendant pursuant to the stipulations provided in the plea agreement, including the stipulation of a sentence of 120 months. However, if the Court rejects the plea agreement, the Court will afford the defendant the opportunity to withdraw his plea of guilty. In addition, the defendant further understands that if the Court rejects the plea agreement, the United States will not remain bound by the terms of the plea agreement.

10. The United States and the defendant reserve the right to carry out their responsibilities under the sentencing guidelines. For example, the United States reserves the right: (a) to bring its version of the facts of this case, including its file and any investigative files, to the attention of the probation office in connection with that office's preparation of a pre-sentence report; (b) to dispute sentencing factors or facts material to sentencing; and/or (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

11. The defendant represents to the Court that he is satisfied with his attorney, Mr. Juan Matos De Juan, and indicates

PLEA AGREEMENT
Criminal No. 98-009 (CCC)
Page 6

that he has rendered effective legal assistance. Defendant
understands that by entering into this agreement, he surrenders
certain rights as provided in this agreement. Defendant understands
that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not
guilty to the charges, defendant would have had the right to a
speedy jury trial with the assistance of counsel. The trial may be
conducted by a judge sitting without a jury if the defendant, the
United States and the judge agree.

b. If a jury trial is conducted, the jury would be
composed of twelve lay persons selected at random. The defendant
and the defendant's attorney would assist in selecting the jurors
by removing prospective jurors for cause where actual bias or other
disqualification is shown, or by removing prospective jurors
without cause by exercising peremptory challenges. The jury would
have to agree, unanimously, before it could return a verdict of
either guilty or not guilty. The jury would be instructed that the
defendant is presumed innocent, that it could not convict the
defendant unless, after hearing all the evidence, it was persuaded
of the defendant's guilt beyond a reasonable doubt, and that it was
to consider each charge separately.

c. If a trial is held by the judge without a jury, the
judge would find the facts and, after hearing all the evidence and
considering each count separately, determine whether or not the
evidence established the defendant's guilt beyond a reasonable
doubt.

**PLEA AGREEMENT**
Criminal No. 98-009 (CCC)
Page 7

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from his refusal to testify. If the defendant desired to do so, the defendant could testify on his own behalf.

12. The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

13. It is specifically understood by the defendant, Pedro de Jesus Mateo, that this Plea Agreement does not extend to or bind other federal districts, federal civil and/or tax authorities, and/or State or Commonwealth of Puerto Rico tax authorities, civil and/or State or Commonwealth of Puerto Rico law enforcement authorities.

**PLEA AGREEMENT**
Criminal No. 98-009 (CCC)
Page 8

14. It is understood by the defendant that he is entering into this Plea Agreement without compulsion, threats, or any other promises from the United States Attorney or any of his agents. The United States and Pedro De Jesus Mateo acknowledge that the above-stated terms and conditions constitute the entire Plea Agreement between the parties and deny the existence of any other terms and conditions not stated herein.

15. No additional promises, terms or conditions will be entered unless in writing and signed by all parties. The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is, in fact, guilty.

GUILLERMO GIL
United States Attorney

---
Miguel A. Pereira
Deputy Assistant U.S. Attorney
Chief, Criminal Division
Dated:

---
Juan Matos De Juan
Counsel for Defendant

Dated:

---
Carmen D. Colon
Special Assistant U.S. Attorney
Dated:

---
Pedro De Jesus Mateo
Defendant
Dated:

I have consulted with my counsel and fully understand all of my rights with respect to the Superseding Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have had this Plea Agreement translated to me and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it.

Date: _____

                                    Pedro De Jesus Mateo
                                    Defendant

I am the attorney for the defendant, Pedro de Jesus. I have fully explained to the defendant his rights with respect to the pending Superseding Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the Defendant the provisions of those guidelines which may apply in this case. I have carefully translated and reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of his plea of guilty.

Date: _____

                                    Juan Matos De Juan
                                    Counsel for Defendant

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for his knowing and intentional violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Sections 841(a)(1) and 846.

During the period of the conspiracy charged in the indictment, defendant Pedro De Jesus Mateo was a trusted member of the Orlando Rosa Rodriguez drug trafficking organization and worked in the distribution of multi-kilogram quantities of cocaine and would also collect drug trafficking proceeds from various members of the organization. The defendant was recorded in a Title III negotiating the purchase of a kilogram of cocaine.

Carmen D. Colón
Special Assistant U.S. Attorney

Juan Matos De Juan
Counsel for Defendant

Dated: _____

Dated: _____

Pedro De Jesus Mateo
Defendant

Dated: _____

DEPARTMENT OF JUSTICE
DRUG ENFORCEMENT ADMINISTRATION

# FAX TRANSMITTAL SHEET

| NOTE: If you have any problems with this transmission ( incorrect number of pages/poor quality ), call the transmitter and request retransmission. | NUMBER OF PAGES BEING TRANSMITTED (Including this transmittal sheet) | |
|---|---|---|

| **TRANSMITTED TO** | FAX FTS NO. 766 - 6211 | FAX COMMERCIAL NO. |
|---|---|---|

NAME: _Rev. Juan Mato De Juan_

ORGANIZATION:

BUILDING, ROOM NO., etc. : | TELEPHONE/EXTENSION

| **TRANSMITTED FROM** | FAX FTS NO. | FAX COMMERCIAL NO. (787) 841-3271 |
|---|---|---|

NAME: _Carmen Colon_, SA/USA

ORGANIZATION:

U.S.DOJ/DRUG ENFORCEMENT ADMINISTRATION/CFD, PONCE (HIDTA), PUERTO RICO RESIDENT OFFICE

| BUILDING, ROOM NO., etc. P.O. BOX 32231       PONCE, PR 00732-2231 | TELEPHONE/EXTENSION (787) 841-3188 |
|---|---|

COMMENTS: _Adjunto copia de "draft" de "plea agreement" de Pedro De Jesús Malta_

| **APPROVED BY (If applicable)** | NAME: |
|---|---|

| TRANSMITTED BY (Name): | | DATE: | TIME: |
|---|---|---|---|

DEA Form
(Dec. 1991) - 501